**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ENRIQUE DELGADO MELGOSA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 1:26-cv-07572-JLT-EGC

A-Number: 200-148-614

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1)

Enrique Delgado Melgosa is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL BACKGROUND

Petitioner is from Mexico. He first entered the United States without inspection in or about 2008 or 2009 and was not admitted or paroled after inspection by U.S. Border Patrol. (Doc. 1 at ¶ 15.) On April 6, 2011, Petitioner was convicted for driving under the influence and infliction of corporal injury on a spouse/cohabitant. (Doc. 5-1 at 3.) After serving 180 days in jail, Petitioner was transferred to ICE custody pursuant to a previously filed detainer. (*Id.*)

Petitioner was then processed as a "voluntary return" and returned to Mexico. (*Id.*) Petitioner returned to the United States without being encountered by immigration officials. On February 2, 2020, Petitioner was convicted of obstructing a public officer and served 150 days in jail. (*Id.*) On September 25, 2025, Petitioner was convicted for driving under the influence and infliction of corporal injury on a spouse/cohabitant and served 341 days in jail. (*Id.*) On August 18, 2026, Petitioner was arrested by ICE when he appeared for a hearing at the Fresno County Superior Court in Fresno, California. (Doc. 1 at ¶ 17.) Petitioner was processed with a Notice to Appear, charged as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, and was transferred to the Golden State Annex Detention Facility in McFarland, California, where he is currently detained. (Doc. 1 at ¶ 18.)

On September 18, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated.[1] (Doc. 1 at ¶¶ 27-33.) Petitioner requests immediate release or, in the alternative, a bond hearing where the government bears the burden to prove Petitioner poses a danger to the community or a flight risk. (*Id*. at 13.) On September 15, 2026, Respondents filed a response to the petition, in which they argue that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and is therefore eligible for a bond hearing. (Doc. 8 at 1-2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

[1] Because Petitioner's due process claim serves as the basis for relief, the Court declines to address Petitioner's additional claims.

## III. DISCUSSION

Respondents acknowledge that Petitioner falls into a class of non-citizens who were apprehended in the interior of the United States without ever being admitted by immigration officials. (Doc. 5 at 1.) As such, pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a) governs Petitioner's detention. Moreover, this Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention. *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

The Court finds that the appropriate remedy in this case is a bond hearing under 8 USC § 1226(a), and will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because it is unclear whether Respondents have provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;
2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at

which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. **__At least 72 hours before__** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 23, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE